United States District Court
Southern District of Texas
**ENTERED**
October 05, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STEVEN WAYNE ISBEL, (TDCJ-CID #01859521) | § § § | |
| Petitioner, | § § | |
| vs. | § | CIVIL ACTION H-16-2836 |
| LORIE DAVIS, | § § § | |
| Respondent. | § § | |

**MEMORANDUM AND OPINION**

A jury in the 184th Judicial District Court of Harris County, Texas, found Isbel guilty of the felony offense of fraudulent possession of identifying information (Cause Number 1322305). On May 22, 2013, the jury imposed a prison term of forty years. On May 15, 2014, the Fourteenth Court of Appeals affirmed Isbel's conviction. The Texas Court of Criminal Appeals refused his petition for discretionary review on October 1, 2014. Isbel filed a state application for habeas corpus relief on July 24, 2015. http://www.cca.courts.state.tx.us/opinions/casesearch.asp. The Texas Court of Criminal Appeals dismissed his application on August 24, 2016 for noncompliance with page limits in accordance with Texas Rules of Appellate Procedure 73.1.

On September 13, 2016, this court received Isbel's federal petition. Isbel has filed a motion for stay, (Docket Entry No. 4), so that he can exhaust state court remedies as to his claims for federal habeas corpus relief.

This court has the discretion to stay and abate a federal habeas action pending exhaustion of state court remedies. *See Brewer v. Johnson,* 139 F.3d 491, 493 (5th Cir. 1998). In particular, the

United States Supreme Court has decided that the federal habeas corpus statutes, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), do not deprive district courts of the authority to issue a stay. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). The Supreme Court noted that a stay for failure to exhaust state remedies is proper only in "limited circumstances" when the following criteria are satisfied: (1) there was good cause for the failure to exhaust; (2) the proposed claims are not plainly meritless; and (3) there is no indication that the failure to exhaust was for purposes of delay. *See id.* at 277. All of these criteria are satisfied in Isbel's case. The court concludes that a stay is appropriate in this case so that Isbel can have the opportunity to present his claims in state court for meaningful review under Article 11.07 of the Texas Code of Criminal Procedure. Important questions of law and fact exist in this case, which would benefit from further development at the state court level. Comity dictates that state courts have the first opportunity to review claims such as those raised by Isbel in this instance, which include allegations of trial court error. The state habeas corpus court is in a better position to make findings of fact, as well as any credibility determinations, in connection with Isbel's claims.

The *Rhines* Court cautioned that district courts should place reasonable time limits on a petitioner's trip to state court and back. *Rhines*, 544 U.S. at 278 (citing *Zarvela v. Artuz*, 254 F.3d 374, 381 (2nd Cir. 2001)("[District courts] should explicitly condition the stay on the prisoner's pursuing state court remedies within a brief interval, normally 30 days, after the stay is entered and returning to federal court within a similarly brief interval, normally 30 days after state court exhaustion is completed.")). And if a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all. *See Zarvela*, 254 F.3d at 380-381.

Isbel's motion for stay, (Docket Entry No. 4), is GRANTED. This court will hold Isbel's

federal petition in abeyance provided that he presents his unexhausted claims in state court and returns to this court within the time specified. Isbel must commence the state proceedings within thirty days of the entry of this order and return to this court within thirty days of completing the exhaustion process. The Clerk is directed to administratively close this case.

Isbel's motion to proceed in forma pauperis, (Docket Entry No. 2), is GRANTED.

SIGNED at Houston, Texas, on ___Oct 5___, 2016.

_____
VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE